PER CURIAM.
Appellant, a mortgage broker, brought an action against appellees on a promissory note in the sum of $20,000 given to him by appellees in settlement of his claim for money alleged to be due to him for services rendered in obtaining certain loans for ap-pellees and Cayo Hueso, Ltd., a limited partnership in which appellees were partners.
Appellees denied the indebtedness on the grounds that there was no consideration for the note and the note was procured by appellant by fraud and duress. Cayo Hue-so, Ltd. also filed a counterclaim which was dismissed.
Upon non-jury trial, the trial judge entered a final order providing, in pertinent part, as follows:
“FINDINGS OF PACT
1. On November 9, 1978, Plaintiff entered into a contract with the Cayo Hueso Limited Partnership (CHL). CHL needed $2,000,000.00 to continue refurbishing the Casa Marina Hotel in Key West, Florida. Plaintiff agreed to act as a mortgage broker for CHL and CHL promised to pay Plaintiff a commission if he succeeded in obtaining a mortgage. The amount of the commission was to be 2% unless the commitment was obtained from the Equitable Life Insurance Company, Gal-breath Mortgage Company or Chemical Bank & Trust Company. CHL had already contacted these companies before contracting with the Plaintiff. Plaintiff was instructed to maintain contact with those lenders but in the event a commitment came from any of them Plaintiff’s commission was reduced to 1%.
2. The Defendant, Toby Arnheim, signed the contract in his capacity as general partner of CHL. The Defendant, Wood, signed only as a witness. Plaintiff received a $10,000.00 advance.
3. On February 27, 1979, Royal Trust Bank of Miami issued a commitment to loan funds to the project. This commitment was rejected by CHL because it did not conform to criteria set forth in the original contract.
4. On April 5,1979, the Equitable Life Assurance Society issued a commitment to CHL. CHL accepted this commitment.
5. On April 19, 1979, CHL paid Plaintiff the remaining $10,000.00 owed to him as part of his 1% commission on the Equitable commitment. Plaintiff also received a $20,000 note signed by Defendants, Wood and Arnheim, individually. This note, the subject matter of this lawsuit, was executed and delivered under duress.
6. There was one other contract between Plaintiff and CHL dealing with a separate project; the Villas of Key West. No commitment was ever received on the project and Plaintiff’s authority to act for CHL has been terminated.
*196 7. There was no record showing of any service performed by Plaintiff for Mr. Wood or Mr. Arnheim individually.
8. At -the close of the evidence, the Court granted the Plaintiff’s Motion to Dismiss the Defendant’s and CHL’s Counterclaim; and also granted the Defendant, Wood’s, Motion to Dismiss the case against him.
CONCLUSIONS OF LAW
9. A contract is an agreement supported by sufficient consideration to do or refrain from doing some lawful thing.
10. Like all contracts, promissory notes must be supported by consideration.
11. Plaintiff has been fully paid on his original contract with CHL and was rightfully terminated on his second contract.
12. At no time did Plaintiff perform any services for Mr. Arnheim individually or any services for CHL beyond those contracted. As a result, Plaintiff’s note from Mr. Wood and Mr. Arnheim is wholly lacking in any legal consideration.
13. Since there can be no indebtedness without legal consideration the note is not enforceable.
It is therefore:
ORDERED AND ADJUDGED:
Plaintiff, PHILLIP L. RUPPENTHAL, take nothing and Defendants shall go hence without day, each party to bear their respective costs.
DONE AND ORDERED at Miami, Florida, this 30th day of March, 1982.”
It is a well established principle that every judgment, order or decree of a trial court brought up for review is clothed with a presumption of correctness and the burden is on appellant in all proceedings before the reviewing court to make error clearly appear. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
In the appeal sub judice, we have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore for the reasons stated the judgment appealed is affirmed.
Affirmed.