579 So.2d 769 (1991)
Ruby A. HOLMES, Appellant,
v.
Donald E. HOLMES, Appellee.
No. 90-01363.
District Court of Appeal of Florida, Second District.
May 1, 1991.
*770 Elihu H. Berman of Krug, Berman & Silverman, P.A., Clearwater, for appellant.
Gary A. Hewetson, Largo, for appellee.
SCHOONOVER, Chief Judge.
The appellant, Ruby A. Holmes, challenges a final judgment dissolving her marriage to the appellee, Donald E. Holmes. We affirm in part and reverse in part.
Although we reject the appellant's main contention on appeal, we agree that the trial court erred by awarding her rehabilitative rather than permanent periodic alimony and by making her responsible for certain tax consequences in connection with the condominium awarded to her.
The trial court in its final judgment awarded the appellant permanent periodic alimony in the amount of $386 per month and rehabilitative alimony in the amount of $300 per month for twelve months. Rehabilitative alimony is used to establish the capacity of self-support in the receiving spouse, either by redevelopment of previous skills, or by providing for the training necessary to develop new skills to aid in one's support. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The record contains no competent evidence indicating that rehabilitative alimony will provide for the redevelopment or training necessary to permit the appellant to become self-supporting or to offset the amount awarded as rehabilitative alimony. The court, accordingly, should have awarded the appellant $686 per month as permanent periodic alimony. Condren v. Condren, 475 So.2d 268 (Fla. 2d DCA 1985).
We find no error in the trial court awarding the appellant the condominium which had been owned by the parties as tenants by the entireties. The final judgment, however, provided that the appellant was to be responsible for the "liquidation and payment of the mortgage, insurance, liens, and taxes," and to "save the husband harmless from consequent liability." Under the circumstances of this case, this requirement would upset the otherwise equitable distribution of assets.
The condominium had originally been purchased as an investment, and the parties had taken depreciation in the amount of $52,700 between 1981 and 1988. Based upon the evidence in the record, because of the depreciation taken, a sale of the condominium at the time of the final hearing would have resulted in taxable income to the appellant of more than fifty thousand dollars under the terms of the final judgment. Based upon the relative positions of the parties under the terms of the final *771 judgment, this tax burden should be shared by the parties. The final judgment should, accordingly, be amended to provide that if the condominium is sold within five years of the date of the amended final judgment, the appellee will be responsible for one-half of any taxes imposed upon the sale as a result of the depreciation taken by the parties between 1981 and 1988.
We, accordingly, reverse and remand with instructions to enter an amended final judgment in accordance with this opinion. We affirm in all other respects.
Reversed and remanded with instructions.
RYDER and HALL, JJ., concur.