PARKER, Judge.
Kathy Ann Grossman appeals a final judgment of dissolution of marriage based on the trial court’s award of $1,000 per month rehabilitative alimony instead of awarding permanent periodic alimony. We reverse, concluding that there was no evidence presented which would support an award of rehabilitative alimony.
The only question raised in this appeal is whether the trial court erred in awarding the wife rehabilitative alimony instead of permanent periodic alimony as the wife requested. At the time of the final hearing, the wife was thirty-one years old, and the husband was thirty-two years old. The parties had been married for ten years. The wife was afflicted with psoriatic arthritis which had worsened throughout the marriage except for the times when the wife was pregnant with the couple’s two children at which times the disease went into remission. The wife is in constant pain and has had numerous surgeries. At the beginning of the marriage, the wife worked part-time in her father’s auto repair business, earning $7,000 a year. Her father testified that he just “made” the job for her and that he did not hire anyone to replace the wife when she stopped working. The wife worked part-time earning $3,500 to $4,000 a year when she was pregnant and her disease was in remission. The wife also had an unsuccessful attempt of working for Tupperware.
There was no evidence presented regarding the wife’s capability of being rehabilitated nor was there evidence of her prior education, skills, or training. The wife did not ask for periodic rehabilitative alimony in her pleadings, and her counsel during closing argument stated that there was no evidence that the wife could be rehabilitated to become self-supporting. The husband’s counsel agreed and stated during his closing argument that “this lady cannot be rehabilitated into a job where she s making any significant amount of income.” The trial court acknowledged that there was no evidence regarding the underlying factors necessary to support an award of rehabilitative alimony but determined on its own that the wife could be rehabilitated. The trial court entered a final judgment awarding the wife $1.00 per year permanent periodic alimony and $1,000 per month rehabilitative alimony for twelve months.
Rehabilitative alimony is appropriate when the evidence supports that the recipient can redevelop previous skills or be trained to develop new skills which will make him or her self-supporting. Holmes v. Holmes, 579 So.2d 769 (Fla. 2d DCA1991). There is no evidence presented in this record that the wife could get further education or training which would enable her to become self-supporting. Thus, there is no competent evidence on which the trial court based its award of rehabilitative alimony. Accordingly, the trial court’s award of rehabilitative alimony is reversed, and we remand to the trial court to amend the judgment by converting the award of rehabilitative alimony to permanent periodic alimony. See, e.g., Holmes; Hatcher v. Hatcher, 533 So.2d 917 (Fla. 2d DCA1988); Maloy v. Maloy, 431 So.2d 743 (Fla. 2d DCA1983).
Reversed and remanded with directions.
DANAHY, A.C.J., and SCHOONOVER, J., concur.