654 So.2d 654 (1995)
Randall Allen HICKS, Appellant,
v.
Judy Ann HICKS, Appellee.
No. 94-1994.
District Court of Appeal of Florida, Fifth District.
May 12, 1995.
John I. Merritt, Merritt and Watson, P.A., Eustis, for appellant.
No appearance for appellee.
GRIFFIN, Judge.
Randall Allen Hicks ["husband"] appeals the lower court's final judgment dissolving his marriage to Judy Ann Hicks ["wife"]. *655 Husband complains of the lower court's failure to award child support to husband as primary residential parent, the provisions of the final judgment relating to spousal support and the lower court's order distributing one-half of the amount of husband's pension fund balance to wife.
First, as for the lower court's refusal to require wife to contribute to child support, it is manifest from the record that the court did this for two reasons. First, husband expressly disclaimed any desire to receive child support from wife. Also, the lower court evidently concluded that, given the modest amount of wife's income, it was within the court's discretion under section 61.16(11)(k) not to require child support since doing so would only necessitate a concomitant increase in spousal support paid by husband to wife.
We do agree with husband, however, that the final judgment is deficient in that it lacks the requisite findings of fact that would enable this court to determine whether the support provisions of the final judgment are supported by the record. Kennedy v. Kennedy, 622 So.2d 1033 (Fla. 5th DCA 1993), review granted, 634 So.2d 625 (Fla.), decision disapproved on other grounds and review dismissed, 641 So.2d 408 (Fla. 1994). Husband was ordered to pay $300 per month alimony to wife. Although wife's need is apparent, husband's ability to pay is not. Without the requisite finding of fact, it is impossible to tell if the amount awarded exceeded the court's discretion. Similarly, the lower court ordered husband to maintain a policy of life insurance to secure the alimony even though there is no evidence in this record to indicate how much the premium for such insurance would be, and, again, husband's ability to pay is an issue.[1] Similarly, husband is ordered to provide health and dental insurance for former wife "consistent with that which is currently offered to the employees of the Lake County Sheriff's Department" for a minimum of one year or until former wife can obtain "reasonable insurance coverage" through her employer. Because of the lack of any evidence in the record concerning these charges, and because of the lack of any findings, we cannot determine whether this overall scheme of spousal support is within husband's means.
Finally, husband complains that wife was awarded one-half of the amount of the "Former Husband's pension fund balance as accumulated through his employment with the Lake County Sheriff's Department, paid through the date of the final judgment."[2] Husband is not vested in the pension and the only evidence adduced below of its value as a marital asset was a representation concerning the amount contributed by husband's employer, based on a telephone inquiry. On appeal, husband correctly urges that this was error, although not entirely the lower court's fault. First of all, counsel for husband failed to raise any of the valuation arguments he raises on appeal; although he did, at least, balk at simply accepting the telephone valuation. Moreover, the lower court cannot arrive at a valuation of a pension asset unless it is provided with competent evidence that will allow it to do so. On remand, the court shall conduct a further hearing to determine the value of the non-vested pension as of the date of the dissolution and shall include the amount determined to be the value of the wife's share on the face of the final judgment.
In all other respects, the final judgment is affirmed.
AFFIRMED in part; REVERSED IN PART; and REMANDED.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] The record suggests that husband presently has a policy of life insurance through his employment as a Lake County Deputy Sheriff but there is no indication how well this life insurance corresponds to what the court has ordered him to provide.
[2] No dollar amount is stated.