696 So.2d 1279 (1997)
Roseann G. GARCIA, Appellant,
v.
Eduardo GARCIA, Appellee.
No. 96-02715.
District Court of Appeal of Florida, Second District.
July 11, 1997.
*1280 Ronald J. Russo, Tampa, for Appellant.
Richard G. Pippinger of Pippinger-Stitzel Law Group, Tampa, for Appellee.
THREADGILL, Judge.
The appellant, Roseann G. Garcia, the wife herein, challenges a final judgment dissolving her thirty-two-year marriage to the appellee, Eduardo Garcia, the husband herein. We disagree with the wife that the trial court erred in the equitable distribution of assets and affirm on that issue. We agree, however, that the trial court erred in awarding the wife a combination of rehabilitative and permanent alimony. We, therefore, reverse on that issue.
In the final judgment of dissolution, the trial court determined that the husband's net monthly income is $11,159; the wife is employed but not earning net income; the wife is employable, has a bachelor's degree and is in good health; the wife has a past earning potential of $11,000 annually for a twenty-five-hour work week; and the wife has a future earning capacity, though it will take her at least two years to obtain suitable employment and become established. The trial court awarded the wife $3,000 per month in permanent periodic alimony, and $2,000 per month in rehabilitative alimony for two years, reduced to $1,000 per month the following year, and ceasing thereafter. The alimony is taxable to the wife and deductible by the husband for federal income tax purposes.
The evidence shows that the wife worked part time as a real estate agent for approximately ten years and earned $11,000 during her best year. She, however, has not worked in real estate for seven years and has no interest in rekindling that career. In 1992, the wife started a historic tours business as a hobby, and she is also currently a partner in a business that sells historic articles. Neither of her businesses has produced any net income, though both have produced losses.
Rehabilitative alimony is appropriate where it is shown that the recipient can redevelop previous skills or be trained to develop new skills, which will make him or her self-supporting or offset the amount of rehabilitative alimony. Holmes v. Holmes, 579 So.2d 769 (Fla. 2d DCA 1991). Here, the evidence shows only that the wife has no interest in pursuing her former career, and that her present business interests are operating at a loss. There has been no showing that, even if the wife can be rehabilitated, she can earn enough to become self supporting or to otherwise offset the rehabilitative portion of the alimony award. For that reason, the trial court erred in designating any portion of the award as rehabilitative.
Since rehabilitative alimony is inappropriate in this instance, the wife is entitled to an increased amount of permanent periodic alimony. The current alimony award is therefore reversed, and the cause remanded for further proceedings. The final judgment of dissolution is affirmed in all other respects.
Affirmed in part; reversed in part.
DANAHY, A.C.J., and NORTHCUTT, J., concur.