727 So.2d 272 (1999)
Eugene RIHL, Appellant,
v.
Tammi D. RIHL, Appellee.
No. 98-2569.
District Court of Appeal of Florida, Third District.
February 3, 1999.
Daniel Kaplan, for appellant.
Michael H. Bloom, for appellee.
Before COPE, LEVY, and SHEVIN, JJ.
PER CURIAM.
Eugene Rihl appeals an order establishing temporary support to be paid by him during the pendency of the parties' proceeding for dissolution of marriage. We affirm.
The appellant husband contends that support should have been denied to the wife because she had not fully complied with the mandatory disclosure requirements for temporary relief, set forth in Florida Family Law Rule of Procedure 12.285. The wife had only worked sporadically during the marriage and had custody of the parties' two young children, including a four-month-old infant, after whose birth the wife had suffered medical complications. The wife had given a deposition and testified at the temporary support hearing. The court concluded, entirely reasonably, that it had adequate information on which to base a temporary support award. The court directed the wife to comply with Rule 12.285 within ten days, and ruled that in the (unlikely, in view of the parties' financial history) event that the wife's Rule 12.285 disclosure materially contradicted the financial evidence already adduced, then the court would revisit the temporary award. This ruling by the trial court was well within the exercise of sound discretion.
The husband contends that the amounts awarded to the wife constituted an excessive percentage of his monthly net income. The court found the husband's average monthly net income to be $11,585. The temporary support award was 73% of that amount for the first six months, and 64% of that amount *273 thereafter.[1] Final support awards at that level have commonly resulted in reversal. See Decker v. Decker, 660 So.2d 1162, 1163-64 (Fla. 4th DCA 1995), and cases cited therein.
However, the trial court in this case calculated the tax effects of the award. Temporary alimony is taxable to the wife and deductible to the husband. See The Florida Bar, Florida Dissolution of Marriage § 12.13 (4th ed.1996). The court's order also reasoned that the husband would benefit from the tax treatment of certain child care expenses he was ordered to pay. After performing these adjustments, the court concluded that net amounts available to each party approached parity.
In his appeal, the husband has not addressed this aspect of the trial court's analysis at all. It is the appellant's burden to make error appear, and he has failed to do so. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979); E & I, Inc. v. Excavators, Inc., 697 So.2d 545, 547 (Fla. 4th DCA 1997); Ruppenthal v. Wood, 425 So.2d 194, 196 (Fla. 3d DCA 1983). In the absence of a challenge to the trial court's calculations and reasoning, we decline to disturb the trial court's ruling.[2]
The husband argues that his commission income fluctuates seasonally, and that the trial court's income calculation for him is overly optimistic. This boils down to a controversy over the correct base period for performing the income calculation. As there is a record basis for the trial court's decision on this issue, we do not disturb it. However, the husband is free to request any needed adjustment at the final hearing, just as the wife is free to raise the question of arrearages if any portion of the temporary award is unpaid. See generally Brenda M. Abrams, Florida Family Law § 33.05[2][b] (1998).
At oral argument we were informed that the final hearing is scheduled to occur within 30 days. Because of the proximity of the final hearing date, no motion for rehearing will be entertained. Should there be any delay in the final hearing and should any interim relief be needed, an appropriate motion may be addressed to the trial court.
Affirmed.
NOTES
[1] The award included payment of approximately $1000 per month for six months toward the wife's attorney's fees.
[2] In so ruling, we express no opinion on the correctness of the tax calculation or resulting percentages of net income available to each spouse.