750 So.2d 130 (2000)
Kirk W. INGRAM, Appellant,
v.
Debbie Sue INGRAM, Appellee.
No. 2D99-1420.
District Court of Appeal of Florida, Second District.
January 21, 2000.
*131 Karol K. Williams and Allison M. Perry, Tampa, for Appellant.
Ashley McCorvey Myers of Dixon, Lelfer & Lorenzen, P.A., Tampa, for Appellee.
CASANUEVA, Judge.
Kirk W. Ingram appeals the final judgment dissolving his marriage to Debbie Sue Ingram, asserting that the trial court erred by improperly awarding the former wife rehabilitative alimony. We conclude that Mr. Ingram's position is meritorious and reverse.
At the time of the final hearing, Mr. Ingram was 52 years old and Mrs. Ingram was 39. Both were in good health. During the 20 year marriage, the former wife earned a bachelor's degree in personnel with a 3.7 grade point average. However, during the marriage, she never obtained employment in the personnel field. Rather, she worked part-time as a receptionist at her father's real estate company for approximately seven years, and then for Eastern Airlines, both part-time and as a floater. After Eastern Airlines went out of business, Ms. Ingram took care of the home and was a part-time college student. After she completed her degree, the parties separated. She worked for approximately nine months as a receptionist in a nursing home, but she was fired the first time she called in sick. At the time of the final hearing, she had been unemployed for eleven months.
Mr. Ingram, before and during the marriage, worked in the merchant marine. His job required him to be at sea approximately nine months out of each year. The Ingrams had no children.
In the final judgment, the court awarded Ms. Ingram both permanent alimony and rehabilitative alimony. The rehabilitative alimony award was $200.00 per month for a maximum period of four years and was intended to provide Ms. Ingram with the means to obtain a master's degree in business administration (M.B.A.). Because she had not done so, Ms. Ingram was given two years to pass the graduate record examination (G.R.E.), which is a prerequisite for admission to business school. If she failed to make a passing score within two years, rehabilitative alimony was to cease. In the event Ms. Ingram was admitted to an M.B.A. program, Mr. Ingram was required to reimburse her 50 percent of the tuition costs. For reasons of convenience, Ms. Ingram planned to take extension courses from a private university rather than to attend a local public university, where the tuition would be less expensive.
*132 A court may award rehabilitative alimony when the evidence shows that the recipient can redevelop previous skills or be trained to develop new skills, which will make him or her self-supporting. See Garcia v. Garcia, 696 So.2d 1279, 1280 (Fla. 2d DCA 1997); Holmes v. Holmes, 579 So.2d 769 (Fla. 2d DCA 1991). An award of rehabilitative alimony is appropriate "only if the parties have presented detailed evidence of the cost of the education, the prospects of subsequent employment, and the time it will take the receiving spouse to reach an appropriate income level." Campbell v. Campbell, 685 So.2d 61, 62 (Fla. 1st DCA 1996).
The evidence in this case reveals that Ms. Ingram has never used her college degree to further her employment prospects. None of her prior business experience reflects that she can be trained to develop new skills to become self-supporting, nor does the record contain any detailed evidence regarding her prospects for employment or increased income should she ever attain her M.B.A. This case simply lacks detailed evidence of a valid rehabilitation plan for Ms. Ingram, and the award of rehabilitative alimony is therefore unjustified.
Furthermore, the rehabilitative alimony award allowed Ms. Ingram two years to become eligible for admission to a degree program by giving her that much time to prepare for and pass the G.R.E. Ms. Ingram's failure to pursue a review course, register for the G.R.E., or take the G.R.E. prior to trial might suggest a lack of a serious intention to follow the rehabilitative plan. Nevertheless, the award of two years' rehabilitative alimony before commencement of the education program is excessive and constitutes an abuse of discretion.
For these reasons, we conclude that the trial court abused its discretion in awarding rehabilitative alimony.
Affirmed in part and reversed in part with directions for the trial court to strike the award of rehabilitative alimony.
CAMPBELL, A.C.J., and PARKER, J., Concur.