755 So.2d 730 (2000)
Richard Edward ZIMMERMAN, Jr., Appellant,
v.
Linda Carter ZIMMERMAN, Appellee.
No. 1D98-3683.
District Court of Appeal of Florida, First District.
March 9, 2000.
Rehearing Denied April 27, 2000.
Mark M. Green of Coker, Myers, Schickel, Sorenson, Higginbotham & Green, P.A., Jacksonville, for Appellant.
Nancy N. Nowlis and Barry L. Zisser of Zisser, Robison, Brown, Nowlis & Macie-jewski, P.A., Jacksonville, for Appellee.
PER CURIAM.
The appellant challenges a final judgment of dissolution of marriage by which the parties' assets were equitably distributed and the appellee was awarded permanent periodic alimony. We affirm the judgment except as to the requirement that the appellant provide a $100,000 life insurance policy to secure the alimony award. Although section 61.08(3), Florida Statutes, specifically provides that a court may order a party to secure an alimony award, the record must contain evidence regarding the cost and availability of the policy and the financial impact of the award upon the obligated party. See, e.g., Kremer v. Kremer, 595 So.2d 214, 218 (Fla. 2d DCA 1992). The record before us contains no evidence of the cost of this insurance or a finding that the appellant had the ability to pay. See Milo v. Milo, 718 So.2d 343, 345 (Fla. 2d DCA 1998); Hicks v. Hicks, 654 So.2d 654 (Fla. 5th DCA 1995). Further, as the parties acknowledged at oral argument, the appellee will be entitled to survivor benefits from the appellant's military retirement in the event of his death. On remand, the trial court should consider this resource in determining the need for and amount of insurance, if any, necessary to secure the fifty dollar per week award of alimony. See generally Levin v. Levin, 745 So.2d 1077 (Fla. 1st DCA 1999).
Accordingly, that portion of the final judgment by which the appellant was required to provide a $100,000 life insurance policy is reversed, the judgment is otherwise affirmed, and the case is remanded.
BARFIELD, C.J., ALLEN and LAWRENCE, JJ., CONCUR.