754 So.2d 861 (2000)
Jose A. ALMODOVAR, Appellant,
v.
Lucia ALMODOVAR, Appellee.
No. 3D99-2140.
District Court of Appeal of Florida, Third District.
April 12, 2000.
Cynthia L. Greene; Adrienne E. Skinner, Miami, for appellant.
Michael L. Rose, Miami, for appellee.
Before COPE, SHEVIN and SORONDO, JJ.
*862 SHEVIN, Judge.
Jose A. Almodovar appeals a final dissolution judgment asserting errors in the trial court's alimony award, award of insurance for the former wife's benefit, order that the former husband pay the tax on the alimony, and the court's failure to include a debt incurred by the former husband as a marital liability. We affirm in part, reverse in part, and remand for further proceedings.
We affirm the portion of the judgment awarding the former wife alimony. "In the absence of a transcript, we are unable to entertain the husband's argument that the trial court abused its discretion in ordering permanent alimony." Etesam v. Chasebi, 751 So.2d 1261, 1261 (Fla. 3d DCA 2000), (citing Applegate v. Barnett Bank, 377 So.2d 1150, 1151-52 (Fla.1979)). The final judgment demonstrates that the court applied the correct legal standard. See § 61.08(2), Fla. Stat. (1997); Canakaris v. Canakaris, 382 So.2d 1197, 1201-02 (Fla.1980). We are aware of the former husband's strenuous assertions that he did not consent to trial on this issue. However, the dissolution judgment states, "At the final hearing, the counsel for the Husband recognized that alimony and equitable distribution were the issues to be resolved by the Court." (Emphasis added). And, in the absence of a transcript, we decline to reverse the court's finding that this issue was tried by consent. See, e.g., Walt v. Walt, 596 So.2d 761 (Fla. 1st DCA 1992); Carter v. Carter, 504 So.2d 418 (Fla. 5th DCA 1987).
However, we reverse the amount of the award and remand for the trial court to revisit this issue. As the judgment now reads, the alimony award impermissibly exceeds the former husband's ability to pay, based on his income as found by the trial court. Canakaris, 382 So.2d at 1201-02. On remand, the trial court shall consider whether to reduce the alimony award, or, if the court, sub silencio, imputed income to the former husband in its original calculation, it shall make the appropriate findings to support an imputation of income.
In keeping with our holding, that the alimony award amount exceeds the former husband's income as found by the trial court, we also reverse the court's order that the former husband procure life insurance for the former wife's benefit. Although the court has discretion to award insurance to protect the alimony award, see Sobelman v. Sobelman, 541 So.2d 1153 (Fla.1989), in this case it appears that the former husband has no disposable income with which to pay for this insurance. See § 61.08(3), Fla. Stat. (1999); Zimmerman v. Zimmerman, 755 So.2d 730 (Fla. 1st DCA 2000). On remand, however, if the court determines that the former husband already has such insurance, as represented at oral argument, and/or the court finds former husband has the ability to pay for same, the court may reinstate that portion of the judgment.
We turn next to the court's pronouncement that the former husband "shall be responsible for payment of taxes on alimony payments but shall be entitled to applicable deductions." The court erred in so ruling. The usual treatment of alimony is to make the alimony taxable to the recipient and deductible by the payer. See generally Rihl v. Rihl, 727 So.2d 272 (Fla. 3d DCA 1999); Garcia v. Garcia, 696 So.2d 1279 (Fla. 2d DCA 1997). If the trial court wanted to avoid burdening the former wife with the tax consequences of the alimony payments the court has the discretion to provide that "the payor [former husband] will not deduct the alimony payments so that the payee [former wife] may then exclude the payments from gross income." Brenda M. Abrams, Family Law § 38.23(2)(d) (1999), citing Temp. Treas. Reg. § 1.71-1T(b), Q & A 8.
As to the former husband's last point, we find no error in the trial court's ruling to categorize the $9,000 loan, borrowed *863 by the former husband upon the parties separation, as a non-marital liability. The final judgment reflects that "[t]he husband recognized on his financial affidavit [his] sole responsibility for [this] liability." In the absence of a transcript, we will not disturb this finding. See Applegate.
Affirmed in part, reversed in part, and remanded with directions.