838 So.2d 508 (2003)
Karen F. RYKIEL, Petitioner,
v.
Stephen A. RYKIEL, Respondent.
No. SC01-586.
Supreme Court of Florida.
January 16, 2003.
*509 Melvyn B. Frumkes and Corie M. Goldblum of Melvyn B. Frumkes & Associates, P.A., Miami, FL; and Cynthia L. Greene, Miami, FL, for Petitioner.
Marcia K. Lippincott, Lake Mary, FL, for Respondent.
SHAW, Senior Justice.
We have for review Rykiel v. Rykiel, 795 So.2d 90 (Fla. 5th DCA 2000), which expressly and directly conflicts with Almodovar v. Almodovar, 754 So.2d 861 (Fla. 3d DCA 2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. We quash Rykiel, as explained herein.

I. FACTS
Stephen Rykiel ("husband") appealed the final judgment in a divorce proceeding. The Fifth District Court of Appeal (the "Fifth District") reversed, holding as follows:
Further, [an obvious error was] made with regard to the alimony award. First, the court ordered that the award of permanent periodic alimony be nontaxable to the receiving party, the former wife. This award cannot stand because there is no legal authority which would permit such a practice. Permanent periodic alimony (i.e., support money) is taxable to the recipient under federal income tax law. 26 U.S.C.A. § 71. Its taxability cannot be changed by a state court order. State law creates legal interests, but federal law determines how those interests shall be taxed.
Rykiel, 795 So.2d at 92.
On rehearing, the district court appended to the above passage the following language:
We reject appellee's argument, on rehearing, that the Deficit Reduction Act of 1984, which substantially amended 26 U.S.C. § 71, permits a state trial judge to order that support and maintenance will be nontaxable to the recipient, or that temporary Treasury Regulation, 26 C.F.R. § 1.71-1T supports this argument. Section 71 was rewritten to clarify when a continuing stream of payments were to be characterized as maintenance, and thereby taxable, or a property distribution, which is nontaxable. In fact, 26 C.F.R. § 1.71-1T, A-8, specifically provides that "the spouses may designate" that separate maintenance payments are nondeductible by the payor and excludible from the gross income of the payee. The term designate means "to make known directly." Richardson v. Commissioner of Internal Revenue, 125 F.3d 551, 556 (7th Cir. 1997). A reading of 26 U.S.C. § 71 and 26 C.F.R. § 1.71-1T, as a whole, convinces us that only the parties may agree to this in a written document, or on the record before the trial judge, which would be reduced to judgment. The dicta cited by appellee in Almodovar v. Almodovar, 754 So.2d 861 (Fla. 3d DCA 2000), is based upon 26 C.F.R. § 1.71-1T.
Rykiel, 795 So.2d at 93 n. 1.
Karen Rykiel ("wife") sought review before this Court, claiming conflict with the following language of the Third District *510 Court of Appeal (the "Third District") in Almodovar:
We next turn to the court's pronouncement that the former husband "shall be responsible for payment of taxes on alimony payments but shall be entitled to applicable deductions." The court erred in so ruling. The usual treatment of alimony is to make the alimony taxable to the recipient and deductible by the payer. See generally Rihl v. Rihl, 727 So.2d 272 (Fla. 3d DCA 1999); Garcia v. Garcia, 696 So.2d 1279 (Fla. 2d DCA 1997). If the trial court wanted to avoid burdening the former wife with the tax consequences of the alimony payments the court has the discretion to provide that "the payor [former husband] will not deduct the alimony payments so that the payee [former wife] may then exclude the payments from gross income." Brenda M. Abrams, Family Law § 38.23(2)(d) (1999), citing Temp. Treas. Reg. § 1.71-1T(b), Q & A 8.
Almodovar, 754 So.2d at 862.
The issue presented in these conflicting decisions is a pure question of law, subject to de novo review.[1]

II. THE APPLICABLE LAW
This case is governed by the provisions of the Internal Revenue Code and the Code of Federal Regulations governing the Internal Revenue Service, Department of the Treasury. Section 63, Internal Revenue Code (2001), provides as follows in relevant part:
§ 63. Taxable income defined
(a) In general
Except as provided in subsection (b), for purposes of this subtitle, the term "taxable income" means gross income....
I.R.C. § 63 (2000) (emphasis added).
Section 71, Internal Revenue Code (2001), provides as follows in relevant part:
§ 71. Alimony and separate maintenance payments
(a) General rule

Gross income includes amounts received as alimony or separate maintenance payments.
(b) Alimony or separate maintenance payments defined
For purposes of this section
(1) In general

The term "alimony or separate maintenance payment" means any payment in cash if

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction ...
(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.
(2) Divorce or separation instrument

*511 The term "divorce or separation instrument" means

(A) a decree of divorce or separate maintenance or a written instrument incident to such a decree,
(B) a written separation agreement, or
(C) a decree (not described in subparagraph (A)) requiring a spouse to make payments for the support or maintenance of the other spouse.
(c) Payments to support children
(1) In general
Subsection (a) shall not apply to that part of any payment which the terms of the divorce or separation instrument fix (in terms of an amount of money or a part of the payment) as a sum which is payable for the support of children of the payor spouse.
I.R.C. § 71 (2000) (emphasis added).
The "question and answer" section in Temporary Treasury Regulation § 1.71-1T(b), Q8 & A8 (2001), addresses this matter further:
Q. How may spouses designate that payments otherwise qualifying as alimony or separate maintenance payments shall be excludible from the gross income of the payee and non-deductible by the payor?
A. The spouses may designate that payments otherwise qualifying as alimony or separate maintenance payments shall be nondeductible by the payor and excludible from gross income by the payee by so providing in a divorce or separation instrument....
Temp. Treas. Reg. § 1.71-1T, Q8 & A8 (2001).

III. THE PRESENT CASE
The Fifth District in the present case construed the above Code provisions and Treasury regulation to mean that a divorce court does not have the authority to order that "alimony [shall] be nontaxable to the receiving party." This construction, however, is inconsistent with the above Code provisions and Treasury regulation. Sections 63 and 71 of the Code may be paraphrased as follows:
Gross income is taxable.
Gross income includes alimony.
Alimony includes monetary payments made to a spouse pursuant to a divorce instrument unless that instrument says that the payments are not includible in gross income and not allowable as a deduction.
If the divorce instrument says that the payments are not includible in gross income and not allowable as a deduction, then the payments are not "alimony," are not included in gross income, and are not taxable.
A divorce instrument includes a divorce decree.
Under the above provisions, a divorce decree may provide that alimony payments are to be excluded from the gross income of the payee and not deducted by the payor. In such a case, the payments do not constitute "alimony" for tax purposes, are not included in the gross income of the recipient, and are nontaxable to the recipient. Treasury regulation 1.71-1T, which the Fifth District relied on for the proposition that only the parties can agree to such an arrangement, simply states that the parties can agree to such an arrangement; it does not state that a court cannot order such an arrangement. That question was not posed.

IV. CONCLUSION
Contrary to the holding of the Fifth District, nothing in the above provisions prevents a court from ordering that alimony payments are to be excluded from *512 the gross income of the payee and not deducted by the payor. Both the husband and wife agree on this point. However, after this Court granted review in the present case, the trial court below amended the Rykiels' final judgement of dissolution to delete reference to the taxability of the alimony payments. The husband now asks this Court to take judicial notice of the amended final judgment and dismiss this case. The wife opposes the motion.
We conclude that the issue posed in the instant case is presented clearly, has been fully briefed, is of great public interest, and is likely to recur. This Court in the past has addressed other such issues that were moot as to the parties but nevertheless were important and likely to recur. See, e.g., Nichols v. Nichols, 519 So.2d 620 (Fla.1988) ("We note that this cause has become moot.... We nevertheless exercise our prerogative to review this case because it poses a question of general interest and importance in the administration of law, and is likely to recur."). Accordingly, we take judicial notice of the amended final judgment but decline to dismiss this case.
We quash Rykiel v. Rykiel, 795 So.2d 90 (Fla. 5th DCA 2000), as explained herein.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, and CANTERO, JJ., concur.
NOTES
[1] See State v. Glatzmayer, 789 So.2d 297, 301-02 n. 7 (Fla.2001) ("If the ruling consists of a pure question of law, the ruling is subject to de novo review.").