862 So.2d 789 (2003)
Denise C. SHARON, Appellant/Cross-Appellee,
v.
C. William SHARON, Appellee/Cross-Appellant.
No. 2D02-4272.
District Court of Appeal of Florida, Second District.
November 21, 2003.
Rehearing Denied December 30, 2003.
*790 Marie Tomassi and Karen E. Lewis of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., St. Petersburg, for Appellant/Cross-Appellee.
Virginia R. Vetter of Vetter & Hunter, Tampa, for Appellee/Cross-Appellant.
WALLACE, Judge.
Denise C. Sharon appeals the final judgment dissolving her long-term marriage to C. William Sharon, asserting that the trial court abused its discretion in its determination of the nature and amount of alimony awarded to her and in its equitable distribution of the parties' marital property. On cross-appeal, the Husband argues that it was error for the trial court not to impute to the Wife unearned income that she would receive from her liquid investments. We affirm the judgment in part and reverse in part. On remand, the trial court shall make additional findings of fact and adjust the awards of permanent and rehabilitative alimony and the plan of equitable distribution in a manner consistent with this opinion.

Rehabilitative Alimony
The Wife argues that the trial court erred in making an alimony award that included both rehabilitative and permanent periodic alimony in lieu of an award consisting only of permanent periodic alimony because the evidence at trial was insufficient to establish that she could return to work. However, it is clearly established that the propriety of an award *791 of rehabilitative alimony is within the scope of the trial court's broad discretion in dissolution proceedings. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). Although the record includes evidence that the Wife suffers from fibromyalgia and migraine headaches, the record also includes substantial, competent evidence to support the trial court's finding that the Wife can and should become partially self-supporting after a three-year rehabilitative period. Therefore, the judgment including rehabilitative alimony for three years as part of the award was not an abuse of discretion.
Nevertheless, the purpose of rehabilitative alimony is to provide the former spouse "the capacity for self-support..., either through the redevelopment of previous skills or provision of the training necessary to develop the potential supportive skills." Id. The trial court's combined award of permanent and rehabilitative alimony to the Wife was in the exact amount that the trial court determined was sufficient to meet the Wife's current needs for support. Thus the rehabilitative component of the alimony award did not include any amount to cover the cost of retraining the Wife for her anticipated return to work. The trial court's award of rehabilitative alimony should have included the costs of training based upon the evidence presented by the parties. See Welch v. Welch, 685 So.2d 895 (Fla. 2d DCA 1996). Therefore, we reverse the portion of the judgment granting rehabilitative alimony to the Wife for the trial court to revisit the matter and to adjust the award as needed, based upon a review of the existing evidence, in accordance with Ingram v. Ingram, 750 So.2d 130 (Fla. 2d DCA 2000). Upon review, if the record does not reveal that detailed evidence has been presented of the cost of the proposed training, an award of rehabilitative alimony for this purpose is inappropriate. Id. at 132.

Tax Impact
The Wife additionally asserts that the trial court erred in failing to take into account the tax implications of the alimony award. Both parties agree that the trial court did not factor the tax consequences of the alimony award into its judgment. However, the Husband argues that the Wife failed to offer evidence on this issue. The record indicates that the Wife did offer evidence of potential tax impacts on awards of alimony in several different amounts, although not in the precise amount awarded by the trial court. When evidence of the tax impact of an alimony award is presented, it is error for the trial court to fail to consider these consequences. Farley v. Farley, 800 So.2d 710, 712 (Fla. 2d DCA 2001). Because the trial court did not consider the tax consequences in making the alimony award to the Wife, we reverse the portion of the judgment determining the Wife's need for alimony and remand for consideration of the tax consequences of the award. On remand, the trial court may receive additional evidence from both parties to determine the tax impact of the alimony award.

Marital Home
In the equitable distribution of the marital property, the trial court allocated the marital home to the Wife. She argues that the home should have been awarded to her as a support-based, lump sum alimony payment and not as part of the equitable distribution of the marital assets. However, allocating the marital home to the Wife as part of the plan of equitable distribution falls within the scope of the trial court's broad discretion described in Canakaris, 382 So.2d at 1202. Because the Wife has not demonstrated that the *792 trial court abused its discretion in this regard, this portion of the plan of equitable distribution must be affirmed.
In the alternative, the Wife contends that even if the award of the marital home to her as part of the equitable distribution was proper, the trial court erred by failing to include the costs of repairs and maintenance to the home in its determination of her monthly needs. However, in its calculation of the amount of the Wife's needs, the trial court included a miscellaneous household line item intended to cover these costs. Thus the Wife's argument on this point is without merit.

Equitable Distribution
The Wife also asserts that the trial court erred in its assessment of a $27,500 charge to the Wife's portion of the equitable distribution award. We agree. While the case was pending, the trial court permitted three withdrawals from the parties' money market account. Initially, each party was allowed to withdraw $15,000 for fees and costs associated with the dissolution of marriage proceedings. Later, the Wife was permitted to withdraw $12,500 to replace the roof on the marital home. The court deferred the determination of who would bear this expense until the final hearing. Thus the court-ordered withdrawals totaled $42,500. However, when the court accounted for these withdrawals, the Wife was charged $12,500 (the full cost of the new roof) in addition to the $15,000 withdrawal for fees, while the Husband was only charged $15,000. The Husband received one-half of the benefit of the new roof because the entire $245,000 value of the newly-repaired home was charged to the Wife as part of her share of the equitable distribution. The extra $6,250 charge to the Wife was not compensated for elsewhere in the plan of equitable distribution. Although a trial court may distribute marital assets unequally, it is required to justify such an award. Staton v. Staton, 710 So.2d 744, 745-46 (Fla. 2d DCA 1998). In the absence of such findings and in the interests of an equitable distribution, we remand for the trial court to make a revised equitable distribution award with an additional credit of $6,250 to the Wife's portion.

Cross-Appeal
The Husband contends the trial court failed to account for the Wife's future earnings from her liquid assets in determining the alimony award. A court is required to impute income for earnings that can reasonably be projected based on liquid assets awarded as part of the property division. Greenberg v. Greenberg, 793 So.2d 52, 55 (Fla. 4th DCA 2001). Although they disagreed about the amount of the appropriate rate of return, both parties presented evidence concerning the income the Wife could reasonably expect to receive from her liquid assets. The final judgment does not reflect that the trial court took the Wife's anticipated income from her liquid assets into account in determining the amount of permanent alimony the Husband was ordered to pay. On remand, the trial court should make findings concerning the amount of income the Wife can reasonably expect to receive on her liquid assets and take the Wife's projected income into account in its redetermination of an appropriate award of permanent alimony.
In all other respects, the final judgment is affirmed.
Affirmed in part, reversed in part, and remanded with directions.
CASANUEVA and SALCINES, JJ., concur.