JORGENSON, Judge.
Key Largo Ocean Resorts Co-Op, Inc., filed a class action against Bryn Mawr Ocean Resorts, Inc., and three individual defendants in Dade County, Florida. The ten-count complaint arose from the development by Bryn Mawr of a cooperative campground located in Key Largo, Florida. The defendants filed a motion to dismiss alleging improper venue. Contemporaneous with that motion the defendants also filed a motion to transfer for improper venue. Subsequent to the filing of the foregoing motions but prior to the hearing the plaintiff filed its selection of venue pursuant to Florida Rule of Civil Procedure 1.060(b), choosing Monroe County as the forum county. In the face of the plaintiff’s concession that venue had been improperly laid in Dade County, the trial court granted the plaintiff’s selection of venue and transferred the action to Monroe County. It is from that order that the defendants appeal. For the following reasons the order of transfer, pursuant to Rule 1.060(b), is affirmed.
The thrust of the appellant’s argument is that notwithstanding the plaintiff’s conces *1219 sion that venue had been improperly laid in Dade County the trial court should have transferred the ease to Indian River County pursuant to section 47.122, Florida Statutes (1981) (authorizing change of venue for the convenience of parties or in the interest of justice). The trial court found that venue was proper in Monroe County and that pursuant to rule 1.060(b) the court was precluded from considering the defendant’s motion to transfer or its alternative motion to sever the single count in the ten-count complaint relating to the individual defendants. The purpose of rule 1.060(b) is to correct a mistake in venue. See H. Trawick, Florida Practice and Procedure § 5-8 (1982). The appellants concede that with respect to the corporate defendant venue is proper in Monroe County. The trial court, therefore, properly interpreted rule 1.060(b) in correcting the mistake in venue pursuant to the plaintiff’s selection and refraining from ruling on the individual defendants’ motion to transfer pursuant to section 47.122. See Fla.R.Civ.P. 1.060(b). Our decision is without prejudice to the individual defendants to raise anew their motions to transfer or sever the single count affecting their interest. “The corporate defendant may also raise its prior motion to transfer based on forum non conveniens not previously ruled on by the transferring court.” See Fla.R. Civ.P. 1.140(d).
Affirmed.