715 So.2d 341 (1998)
HEALTH CARE FINANCIAL ENTERPRISES, INC., Appellant,
v.
Nancy LEVY, Appellee.
No. 97-2153.
District Court of Appeal of Florida, Fourth District.
August 12, 1998.
*342 Edward J. Pozzuoli of Beilly & Pozzuoli, Fort Lauderdale, for appellant.
Nancy Levy, Hillsboro Beach, pro se.
KLEIN, Judge.
Appellee Levy was employed by appellant Health Care and signed a noncompete agreement in June, 1992. When Levy left Health Care and opened up her own similar business in 1993, Health Care brought this action to enforce the noncompete agreement, but the trial court denied injunctive relief, concluding that the "geographic scope is unreasonable." Health Care appeals, raising the question of whether, after our statute governing these agreements was substantially amended in 1990, a court can refuse to enforce a noncompete agreement because the geographic restriction is unreasonable. Prior to 1990 courts were required to modify unreasonable restrictions as to time and place rather than refuse to enforce the agreement. We conclude that the pre-1990 case law is still good law and reverse.
Before the 1990 amendment, section 542.33(2)(a), Florida Statutes (1989) provided in pertinent part:
[O]ne who is employed as an ... employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area ... so long as such employer, continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction, be enforced by injunction.
Chapter 90-216, Section 1, Laws of Florida, amended section 542.33(2)(a) by adding the following two sentences:
However, the court shall not enter an injunction contrary to the public health, safety, or welfare or in any case where the injunction enforces an unreasonable covenant not to compete or where there is no showing of irreparable injury. However, use of specific trade secrets, customer lists, or direct solicitation of existing customers shall be presumed to be an irreparable injury and may be specifically enjoined.
§ 542.33(2)(a), Fla. Stat. (Supp.1990).
Under the statute as it existed prior to the 1990 amendment, the case law required trial courts to modify unreasonable restrictions as to time and place, and then enforce them, rather than void the contract. Flammer v. Patton, 245 So.2d 854 (Fla.1971); Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla.1974); Orkin Exterminating Co. v. Martin, 516 So.2d 970 (Fla. 3d DCA 1987). The issue posed by this appeal is whether, in light of the first sentence of the 1990 amendment set forth above, a court can refuse to enforce a noncompete agreement solely because the geographical area is unreasonable.
The specific language used, that the "court shall not enter an injunction ... in any case where the injunction enforces an unreasonable covenant not to compete ...," only prohibits a court from entering an injunction which "enforces an unreasonable covenant." If an unreasonable geographic area is modified to be reasonable, enforcement of the modified covenant would not violate the statute. The statute does not, accordingly, require courts to refuse to enforce merely because the geographic area is unreasonable. Nor do we think the legislature intended, by the amendment, to authorize trial courts to refuse to grant injunctive relief solely because the geographical aspect of the restriction is unreasonable.
As Judge Patterson explained in his scholarly opinion in Hapney v. Central Garage, Inc., 579 So.2d 127 (Fla. 2d DCA 1991), the 1990 amendment was a response to Justice Overton's dissent in Capraro v. Lanier Business Products, Inc., 466 So.2d 212 (Fla.1985). Justice Overton had expressed strong disagreement with the majority's conclusion that irreparable injury should be presumed, and he urged the legislature to authorize the courts to use equitable principles to deny enforcement of unreasonable covenants in the broad sense. Hapney, 579 So.2d at 133 n. 4, quoting legislative history. Prior to the amendment courts could only determine reasonableness of time and place, and were not *343 authorized to deny relief because the covenant was unreasonable in a broader sense. Hapney, 579 So.2d at 133.
In Chandra v. Gadodia, 610 So.2d 15, 19 (Fla. 5th DCA 1992), the fifth district observed:
The 1990 amendment makes a substantial change in the law by now requiring evidence of irreparable injury and making available a defense of unreasonableness in a general sense rather than the heretofore limited defenses of unreasonableness as to (1) time and (2) area.
As a law review article explains in regard to the 1990 amendment:
Rather than just enforce covenants, courts now must consider and weigh the protection of legitimate business interests of the employer, the potentially unduly oppressive effect on the former employee, and the public interest involved. These factors may or may not favor enforcement. [footnote omitted].
Kendall B. Coffey & Thomas F. Nealon, III, Noncompete Agreements Under Florida Law: A Retrospective and a Requiem?, 19 Fla. St. U.L.Rev. 1105, 1138 (1992). See also Jewett Orthopaedic Clinic, P.A. v. White, 629 So.2d 922 (Fla. 5th DCA 1993) and Health Care Management Consulting, Inc. v. McCombes, 661 So.2d 1223 (Fla. 1st DCA 1995).
There are several reasons why an otherwise reasonable restrictive covenant should not be held invalid because it is unreasonable solely as to time, place, or both. First, when the legislature amended our statute in 1990, it did not change the language which we quoted at the beginning of this opinion, providing that an employer and an employee may agree that the employee will "refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area...." Voiding these contracts, rather than enforcing them in a reasonable way, would be contrary to the intent of the statute. The statute was passed in the first place so that these agreements, which were void at common law, would be valid. Capelouto v. Orkin Exterminating Co. of Fla., Inc., 183 So.2d 532 (Fla.1966).
Second, holding the agreement void would frustrate the intent of the contracting parties. Third, a reasonable time period or geographical area is not capable of precise calculation. A one year restriction may be the most that is reasonable to one trial judge, while a two year restriction may be reasonable to another, yet neither decision would be an abuse of discretion. The all or nothing approach of voiding the restrictive covenant, merely because time or place are unreasonable, would be inconsistent with the legislative intent behind the 1990 amendment, which was to allow the courts to apply equitable principles in these cases "to avoid unfair and unjust results." Hapney, 579 So.2d at 133. Equity "seeks justice rather than technicality, truth rather than evasion, common sense rather than quibbling." Coleman v. Coleman, 191 So.2d 460, 471 (Fla. 1st DCA 1966).
We have considered the other issues raised by the appellant and find them to be without merit. We therefore reverse and remand for the trial court to narrow the geographic area to a reasonable size, and then reconsider whether Health Care is entitled to an injunction.
DELL and WARNER, JJ., concur.