756 So.2d 246 (2000)
CORPORATE MANAGEMENT ADVISORS, INC., Appellant,
v.
James BOGHOS, Appellee.
No. 5D99-2500.
District Court of Appeal of Florida, Fifth District.
April 28, 2000.
*247 Patrick A. McGee of McGee & Powers, P.A., Orlando, for Appellant.
Christopher R. Qualmann of Christopher R. Qualmann, P.A., Maitland, for Appellee.
COBB, J.
Corporate Management Advisors, Inc. (CMA) sued its former employee, James Boghos, for breach of certain restrictive covenants in a written agreement executed in 1994. At trial Boghos admitted violation of the terms of the agreement, but the trial court denied CMA any remedy and found that the agreement was "void and unenforceable."
The facts are basically undisputed. CMA employed Boghos in 1994 as a recruiter and later as an account executive. While at CMA Boghos was engaged in employee search, recruiting and placement activities. In 1997, Boghos resigned and went to work with a company called Corporate Search Alternatives. Thereafter, CMA sought injunctive relief against Boghos.
The trial court found that CMA suffered no irreparable injury; that CMA had no trade secrets, confidential information, or legitimate business interests in need of protection by injunction;[1] and that CMA's restrictive covenants were unreasonably broad in time and geographic scope. The trial court also found that CMA had made no showing of economic damages.
We agree with CMA's argument that even if we accept the trial court's conclusion that the geographic and time restrictions of its contract with Boghos were too broad, that does not automatically invalidate the contract and render it totally unenforceable. See Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974); Health Care Financial Enterprises, Inc. v. Levy, 715 So.2d 341 (Fla. 4th DCA 1998). Moreover, it was uncontroverted that Boghos directly solicited and obtained business from the same clients that he serviced at CMA in violation of the terms of the agreement. As we see it, this evidence comports with the standard we set forth in our opinion in Jewett Orthopaedic Clinic, P.A. v. White, 629 So.2d 922, 927 (Fla. 5th DCA 1993):
The requirement that the injury be "irreparable" should not present a difficult problem. The question of whether the injury is "irreparable" turns on whether there is an adequate legal remedy available. 4 Pomeroy, Equity Jurisprudence § 1343, (5th ed. Symons, 1941). Irreparable injury means, in essence, that injunction is the only practical mode of enforcement. A negative covenant, where one party promises that he will not do certain things, is an apt example. Id. at 941-42. The supreme court observed in Miller Mechanical that certain types of contractual covenants, like covenants not to compete, by *248 their nature lend themselves principally to enforcement by injunction because of the difficulty of arriving at a dollar figure for the actual damage done as the result of the breach. 300 So.2d at 12. The 1990 amendment created no new proof problems on the issue of irreparableness.
The evidence in this case is clear that CMA's damages cannot be readily calculated or compensated by money damages. The restrictive covenant can be reasonably limited in geographic area, as was the restriction in Jewett. There has been no showing or suggestion that the restrictive covenant involved in this' case somehow threatens the public health, safety or welfare.
The trial court did not elucidate its reasons for declaring the instant contract to be "void and unenforceable." No findings were made of fraud, unconscionability, or similar grounds. The findings of fact that are made are challenged by the appellant as representing those of defense counsel rather than those of the trial court. On pages 14 and 15 of the appellant's brief it is stated:
In this Court's review of the Amended Final Judgment, it is pertinent to note that the trial court's extensive "Findings of Fact" appear to represent the work product of Boghos' counsel rather than the conclusions of the trial court. In this case, the trial court requested that each counsel prepare and submit proposed judgments. Boghos' counsel submitted an 8 page Final Judgment, which included 30 paragraphs of findings of fact and 6 conclusions of law, with no specific direction from the court. (T 352-354). The proposal drafted by Boghos' counsel could have been used as a starting point for the trial court's own finding of fact. However, the trial court accepted the proposed "Findings of Fact" as drafted by Boghos' counsel, without even a single change.
It is well established that trial courts are admonished for the verbatim adoption of proposed orders drafted by litigants. E.g., Chudasama v. Mazda Motor Corporation, 123 F.3d 1353, 1373 n. 46 (11th Cir.1997). The Eleventh Circuit made it clear that a judge's practice of delegating the task of drafting sensitive, dispositive orders to counsel, and then uncritically adopting the orders nearly verbatim would belie the appearance of justice and creates the potential for overreaching and exaggeration on the part of the attorney preparing findings of fact. Id. The court referred to a quote of Judge J. Skelly Wright, who characterized opinions drafted by lawyers as "not worth the paper they are written on" as far as assisting the appellate court in determining why the judge decided the case. Id. at 1373 n. 46. See also, Polizzi v. Polizzi, 600 So.2d 490, 491 (Fla. 5th DCA 1992). This Court's review of the conclusions reached by the trial court in the Amended Final Judgment should consider the trial court's lack of participation in drafting the Amended Final Judgment.
The foregoing contention by the appellant has not been challenged by the appellee in his answer brief or at oral argument, and we therefore accept it as accurate. We have discussed this problem before in several cases. See generally, Ford Motor Co. v. Starling, 721 So.2d 335 (Fla. 5th DCA 1998); White v. White, 686 So.2d 762 (Fla. 5th DCA 1997); Polizzi v. Polizzi, 600 So.2d 490 (Fla. 5th DCA 1992); Wattles v. Wattles, 631 So.2d 349 (Fla. 5th DCA 1994). In White we wrote:
It is the [trial] court's unique responsibility to make the decisions on the various issues of the case based on the pleadings before it and its view of the evidence presented. The court does not fulfill this responsibility my merely choosing the better proposed judgment or the better option or options contained in competing proposed judgments presented by the attorneys. Often the attorneys, without appropriate guiding instructions, will make findings of fact and *249 even rulings of law that the court, without such prompting, would never have considered. The judge, in reviewing the proposed judgment sometimes several weeks or even months after the trial..., may conclude that because the judgment sounds right (even though the judge cannot remember everything that took place at trial) the proposed judgment should be signed.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
HARRIS, J., concurs.
DAUKSCH, J., dissents, without opinion.
NOTES
[1] See State Chemical Mfg. Co. v. Lopez, 642 So.2d 1127 (Fla. 3d DCA 1994).