RAMIREZ, J.
Appellants/defendants E.I. DuPont, etc., et al., appeal an adverse ruling denying their motions to dismiss or transfer based on improper and inconvenient venue. After two years of litigation, defendants successfully obtained the severance of the one plaintiff that made Miami-Dade County the proper county in which to file this action. They then moved to transfer the severed plaintiffs’ causes of action to Orange County, Florida. Because we find no abuse of discretion in the trial court’s finding that the motion was filed two years too late, we affirm.
Five plaintiffs filed this action on March 25, 1997 in Miami-Dade County against E.I. DuPont, Thomas M. Burke, Esq., and other individuals and corporate defendants. The plaintiffs sued in negligence and strict liability, among other causes of action, seeking damages for plant damage that resulted from the use of the fungicide Benlate. Exotic Botanicals, Inc. was among the original plaintiffs. Pursuant to the venue statute, section 47.011, Florida Statutes (1997), Exotic Botanicals resides in Miami-Dade County and Miami-Dade County is the location in which its claims accrued. The remaining four plaintiffs reside in Orange County. The defendants answered the complaint and did not challenge venue.
Two years later, the trial court granted defendants’ motion to sever and set the Exotic Botanicals case for trial in January 2000. The other plaintiffs subsequently filed individual complaints against the defendants. The defendants seized on this procedural event to move to dismiss or transfer the other plaintiffs’ individual actions for improper and inconvenient venue. Plaintiffs responded that the defendants had waived the right to challenge venue or were estopped from doing so because the individual complaints were filed for “ministerial” purposes only. The trial court denied defendants’ motions to dismiss or transfer, stating that the severance had been ordered upon the representation of appellants that they had separate defenses, “not to give rise to new motions to dismiss based on grounds that could not have been raised or should not have been raised in the original complaint.” We find no abuse of discretion.
Section 47.122, Florida Statutes (1997), authorizes transfers to promote the convenience of the parties and witnesses, and the interest of justice. The statute is not to be used as a means to transfer causes of action around the state whenever the alignment of parties changes during the course of complicated and protracted litigation. In fact, defendants have not cited a single case in which a defendant has *429 successfully transferred an action pursuant to a motion filed two years into the litigation. See Bass Orlando Lee Road, Inc. v. Lund, 702 So.2d 250 (Fla. 4th DCA 1997) (reversing the denial of a severance and transfer, based on a motion evidently made in the defendant’s initial responsive pleading). See also Bryn Mawr Ocean Resorts, Inc. v. Key Largo Ocean Resorts Co-op, Inc., 433 So.2d 1218 (Fla. 3d DCA 1983).
What makes defendants’ attempted procedural ambush all the. more unsavory in this case is that it was their motion that occasioned the severance of Exotic Botani-cals, based on their assertions that they had separate defenses for each plaintiff. Defendants specifically agreed in writing that plaintiffs’ claims would relate back to the date of the original filing of their complaint as a condition of the individual plaintiffs filing separate complaints. The fact that new actions were filed with separate case numbers was intended to facilitate keeping the filings organized, not to restart the pleadings.
We also reject defendants’ argument that the trial court erred because it used a computer disk containing plaintiffs’ proposed order, which included a detailed discussion of the facts and the law. It is obvious from a review of the record that the trial court did not blindly adopt plaintiffs’ submission, but instead made a number of changes and added a case in its signed order. In this age of crowded dockets, trial judges should not be discouraged from availing themselves of the advances in technology that have been touted as providing for a more productive and efficient court process.
Affirmed.