762 So.2d 561 (2000)
Grisselle T. HARBIN, Appellant,
v.
Michael F. HARBIN, Appellee.
No. 5D99-688.
District Court of Appeal of Florida, Fifth District.
June 30, 2000.
*562 Peter Cushing, Orlando, for Appellant.
No Appearance for Appellee.
KAHN, L., Associate Judge.
The Appellant, former wife, appeals from a trial court order granting a petition for modification reducing the child support obligation of the Appellee, former husband. We reverse and remand as to the amount of child support awarded and as to the issue of entitlement to attorney's fees.
At the time of the parties' divorce in 1996, the former husband was a United States army aviator. His net monthly income was $3,101 .38. He agreed to pay $850.00 per month for the support of the parties' minor child. In May 1997, the former husband petitioned the court for a modification of his child support and for termination of his alimony obligation.[1] As the basis for his modification request, the former husband alleged that the Army forced him to retire effective April 1, 1997. Subsequent to his employment with the Army, the former husband testified that he attempted to find employment to replace his loss in income by networking through a Navy job assistance program, searching the Internet, and placing his resume with the county government, airports, airlines, and numerous businesses in the Orlando area. When he filed the Petition for Modification, the former husband was working as a taxi cab driver. At the time of the modification trial, the former husband was employed as a car salesman. Based upon his testimony, the lower court found that the former husband's career change was involuntary, unanticipated, and permanent.
The former wife asserts that the former husband's retirement was not "unanticipated."[2] The former wife contends that at the time the former husband signed the Marital Settlement Agreement he had received a letter from the Army establishing his mandatory retirement date as April 1, 1997. The letter, dated October 4, 1994, had been received by the former husband before he signed the Marital Settlement Agreement. The former husband testified that when he received the letter, he still had another promotion available to him *563 and that if he received that promotion he would not be required to retire. The former husband also testified that the Army had taken under consideration holding off on the mandatory retirements and retaining personnel. The Army's final decision on this matter was not made until approximately six months after the settlement agreement was signed and the divorce was final.
The trial testimony supports the lower court's finding that the former husband's change in employment was involuntary, unanticipated and permanent. Future or anticipated events cannot be considered when originally setting child support due to the lack of an evidentiary basis or uncertainty surrounding the future or anticipated event. See Nelson v. Nelson, 651 So.2d 1252, 1254 (Fla. 1st DCA 1995). At the time the former husband signed the Marital Settlement Agreement his mandatory retirement date was still subject to several contingent factors.
The Final Judgment of Modification fails to make findings of fact regarding the net income of the former husband and the former wife. Therefore, it is impossible for the reviewing court to determine how the lower court reached the reduced child support figure of $550 .00. The lack of findings precludes any meaningful review as to the correctness of the amount imposed. As a result, this matter is remanded to the trial court to make express findings regarding the parties' incomes and the calculations used to arrive at the child support figure that the lower court ordered the former husband to pay. See Reynolds v. Reynolds, 668 So.2d 245 (Fla. 1st DCA 1996); Hice v. Pace, 675 So.2d 952 (Fla. 1st DCA 1996); Eisner v. Eisner, 513 So.2d 673 (Fla. 1st DCA 1987); State, Dept. of Revenue v. Sumblin, 675 So.2d 691 (Fla. 1st DCA 1996).
The trial court also erred when it failed to rule on the former wife's entitlement to attorney's fees. In the former wife's pleadings and in her pretrial statement she requested attorney's fees. At the conclusion of the modification trial the former wife requested that the court rule on her entitlement to attorney's fees. Despite this specific request, the Final Judgment of Modification did not include a reservation of jurisdiction to determine attorney's fees and it failed to address or award attorney's fees. The former wife filed a motion for rehearing requesting a ruling on her entitlement to attorney's fees. The trial court summarily denied the former wife's motion for rehearing.
It was incumbent upon the trial court to determine the issue of the former wife's entitlement to attorney's fees. See Duchesneau v. Duchesneau, 692 So.2d 205 (Fla. 5th DCA 1997); Krueger v. Krueger, 689 So.2d 1277 (Fla. 2d DCA 1997). The trial court should have reserved jurisdiction on this issue in its final judgment if it did not rule on the issue at the modification trial. See Iribar v. Iribar, 510 So.2d 1023, 1024 (Fla. 3d DCA 1987). However, even if the trial court failed to reserve jurisdiction in its final judgment, it nevertheless had jurisdiction to amend its final judgment to add the reservation of jurisdiction on the wife's entitlement to attorney's fees as the former wife had timely filed a motion for rehearing on this issue. Upon reviewing the motion for rehearing, the trial court should have amended the Final Judgment of Modification to address the former wife's attorney's fees claim. See Meyer v. Meyer, 525 So.2d 462, 464 (Fla. 4th DCA), rev. denied, 536 So.2d 244 (Fla.1988) (holding "that when appellees failed to timely move for rehearing or amendment to the final order pursuant to rule 1.530, the trial court lost jurisdiction to amend its final order to include a reservation of jurisdiction to award attorney fees.").
REVERSED AND REMANDED.
THOMPSON, C.J., and GRIFFIN, J., concur.
NOTES
[1] In the Marital Settlement Agreement the former husband agreed to pay non-modifiable alimony. The Agreement was incorporated into the Final Judgment of Dissolution of Marriage.
[2] In order to modify a child support or alimony award, a movant must show (1) substantial change in circumstances, (2) the change was not contemplated at the time of the divorce judgment, and (3) the change is sufficient, material, involuntary, and permanent in nature. See Pimm v. Pimm, 601 So.2d 534, 536 (Fla.1992); see also Overbey v. Overbey, 698 So.2d 811, 814 (Fla.1997).