795 So.2d 90 (2000)
Stephen A. RYKIEL, Appellant,
v.
Karen F. RYKIEL, Appellee.
No. 5D00-793.
District Court of Appeal of Florida, Fifth District.
December 8, 2000.
Opinion Granting Rehearing February 9, 2001.
*91 Marcia K. Lippincott of Marcia K. Lippincott, P.A., Lake Mary, for Appellant.
Debra S. Johnson of Debra S. Johnson, P.A., Orlando, for Appellee.
W. SHARP, J.
The former husband appeals a final judgment of dissolution of marriage arguing, inter alia, that the trial court erred in adopting the final judgment prepared by the former wife's counsel, and that the findings of fact are insufficient to support the awards made. We agree and reverse, remanding the cause for a new trial.
*92 Although a trial court may request, as it did in this case, that counsel for both parties submit a proposed final judgment, the court may not adopt the judgment verbatim, blindly, or without making in-court findings. See E.I. DuPont DeNemours v. Simpson, 763 So.2d 427 (Fla. 3d DCA 2000); Corporate Management Advisors, Inc. v. Boghos, 756 So.2d 246 (Fla. 5th DCA 2000); Ford Motor Co. v. Starling, 721 So.2d 335 (Fla. 5th DCA 1998); White v. White, 686 So.2d 762 (Fla. 5th DCA 1997); Wattles v. Wattles, 631 So.2d 349 (Fla. 5th DCA 1994). Review of the findings and conclusions of such a judgment is hampered or made impossible by the trial court's lack of participation. Boghos. In this case, the record contains no findings or conclusions by the trial court, and the final judgment has no corrections, additions or deletions on its face. Under these circumstances, meaningful review by this court is impossible.
Further, two obvious errors were made with regard to the alimony award. First, the court ordered that the award of permanent periodic alimony be nontaxable to the receiving party, the former wife. This award cannot stand because there is no legal authority which would permit such a practice. Permanent periodic alimony (i.e., support money) is taxable to the recipient under federal income tax law. 26 U.S.C.A. § 71. Its taxability cannot be changed by a state court order. State law creates legal interests, but federal law determines how those interests shall be taxed. Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199 (1932). See also Art. VI, cl. 2, U.S. Const. (the supremacy clause). The power of Congress to tax is not subject to state control, and in exercising its power Congress may impose its own criteria. Est. of Caswell v. Commissioner of Internal Revenue, 62 T.C. 51, 58, 1974 WL 2749 (U.S.Tax Ct.1974).
In addition, the court ordered permanent alimony, child support and other incidents of support, in an amount which almost exceeded the former husband's net income. This was an abuse of discretion, as it left the former husband with little to subsist on. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Gentile v. Gentile, 565 So.2d 820 (Fla. 4th DCA 1990). A trial court must ensure that neither party passes from prosperity into misfortune in making its support and equitable distribution awards. Canakaris.
We note too that the court erred in ordering the former husband to provide a life insurance policy for the benefit of the former wife without evidence of the cost, availability and financial impact upon the payor spouse, which is a prerequisite to such an award. Schere v. Schere, 645 So.2d 21 (Fla. 3d DCA 1994); Zimmerman v. Zimmerman, 755 So.2d 730 (Fla. 1st DCA 2000); Hicks v. Hicks, 654 So.2d 654 (Fla. 5th DCA 1995).
REVERSED AND REMANDED for a new trial.
PETERSON, J., and POWELL, R. W., Associate Judge, concur.

ON MOTION FOR REHEARING
SHARP, W., J.
We grant appellee's motion for rehearing and add the following footnote to the paragraph below, which appears on page two of the opinion:
Further, two obvious errors were made with regard to the alimony award. First, the court ordered that the award of *93 permanent periodic alimony be nontaxable to the receiving party, the former wife. This award cannot stand because there is no legal authority which would permit such a practice. Permanent periodic alimony (i.e., support money) is taxable to the recipient under federal income tax law. 26 U.S.C.A. § 71. Its taxability cannot be changed by a state court order.[1] State law creates legal interests, but federal law determines how those interests shall be taxed. Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199 (1932). See also Art. VI, cl. 2, U.S. Const. (the supremacy clause). The power of Congress to tax is not subject to state control, and in exercising its power Congress may impose its own criteria. Est. of Caswell v. Commissioner of Internal Revenue, 62 T.C. 51, 58, 1974 WL 2749 (U.S.Tax Ct.1974).
PETERSON, J., and POWELL, R. W., Associate Judge, concur.
NOTES
[1] We reject appellee's argument, on rehearing, that the Deficit Reduction Act of 1984, which substantially amended 26 U.S.C. § 71, permits a state trial judge to order that support and maintenance will be nontaxable to the recipient, or that temporary Treasury Regulation, 26 C.F.R. § 1.71-1T supports this argument. Section 71 was rewritten to clarify when a continuing stream of payments were to be characterized as maintenance, and thereby taxable, or a property distribution, which is nontaxable. In fact, 26 C.F.R. § 1.71-1T, A-8, specifically provides that "the spouses may designate" that separate maintenance payments are nondeductible by the payor and excludible from the gross income of the payee. The term designate means "to make known directly." Richardson v. Commissioner of Internal Revenue, 125 F.3d 551, 556 (7th Cir.1997). A reading of 26 U.S.C. § 71 and 26 C.F.R. § 1.71-1T, as a whole, convinces us that only the parties may agree to this in a written document, or on the record before the trial judge, which would be reduced to judgment. The dicta cited by appellee in Almodovar v. Almodovar, 754 So.2d 861 (Fla. 3d DCA 2000), is based upon 26 C.F.R. § 1.71-1T.