781 So.2d 540 (2001)
Mark R. THOMAS, Appellant,
v.
Lynn Sauls THOMAS, Appellee.
Nos. 5D00-210, 5D00-2623.
District Court of Appeal of Florida, Fifth District.
April 6, 2001.
Shannon McLin Carlyle of Shannon McLin Carlyle, P.A., Leesburg and Patricia L. Strowbridge of Patricia L. Strowbridge, P.A., Orlando, for Appellant.
Barbara Nolte of Giles & Robinson, P.A., Orlando, for Appellee.
PER CURIAM.
Mark R. Thomas appeals two judgments: one that modifies the children's visitation schedule from the schedule established by the parties during the proceedings leading to their original dissolution of marriage; and the second that awards attorney's fees to his former wife, Lynn Sauls Thomas. Mr. Thomas alleges that the trial court committed reversible error when it adopted the two proposed final judgments that were prepared by Ms. Thomas' attorney, citing Rykiel v. Rykiel, 25 Fla.L. Weekly D2801, ___ So.2d ___, 2000 WL 1805206 (Fla. 5th DCA Dec.8, 2000) for the rule that proposed final judgments adopted verbatim by a trial court constitutes reversible error.
In Douglas v. Douglas, ___ So.2d ___, 2001 WL 227366 (Fla. 5th DCA Mar.9, 2001), we distinguished the situation in Rykiel where there was numerous indicia *541 of the trial judge's lack of participation and knowledge in the final judgment from a situation where a trial judge has current knowledge of the trial proceedings and simply requests proposed judgments from the parties' attorneys in order to expedite finalization of a matter. Indeed, this procedure has been a custom of litigation practice for many years and is a practice that is necessary in current times when increasing demands are made upon trial judges to make detailed findings of fact and conclusions of law.
We have scrutinized each of Mr. Thomas' detailed objections to the court's findings and conclusions that he alleges are unnecessary, irrelevant, unfair, or prejudicial to determine whether each is supported by competent substantial evidence, the standard of review required upon appeal. See generally Philip J. Padavano, Florida Appellate Practice, § 9.6 (1997). We have found competent, substantial evidence to support the findings of the trial court and affirm both judgments.
AFFIRMED.
PETERSON, SAWAYA and PLEUS, JJ., concur.