795 So.2d 99 (2001)
G. Bruce DOUGLAS, Appellant,
v.
Nancy DOUGLAS, Appellee.
No. 5D00-518.
District Court of Appeal of Florida, Fifth District.
March 9, 2001.
Clarification Granted April 20, 2001.
Samuel S. Jacobson of Datz, Jacobson, Lembcke & Wright, P.A., Jacksonville, for Appellant.
James G. Roberts of Roberts & Reiter, P.A., Jacksonville, and Michael J. Korn of Korn & Zehmer, P.A., Jacksonville, for Appellee.
SHARP, W., J.
The former husband, Douglas, appeals from an order entered on his petition to modify a final judgment of dissolution, and an order which held him in contempt for nonpayment of alimony and child support. *100 Finding no error, we affirm the order on modification,[1] but reverse and remand that portion of the contempt order which pertains to child support.
The final judgment was entered in January of 1996 and incorporated a stipulation and agreement which settled all of the issues between the parties, including alimony and child support. The child support provision provided, in part:
[H]usband shall pay wife child support of $2,500.00 per month. Such child support shall be payable to wife so long as she continues to be primary residential parent for two children who are entitled to be supported. A child's entitlement to child support shall continue until that child becomes 18, married or self-supporting, whichever occurs soonest.... At such time as wife is primary residential parent for only one child, child support shall be fixed for that child in accordance with the Florida Child Support Guidelines in effect at that time. (Emphasis added)
The settlement stipulation set the child support award without regard to consideration of the child support guidelines.
The child support award at issue here is not a modification of the earlier child support. Rather it is a recalculation based upon the eldest child's majority and the stipulation, incorporated into the final judgment.[2] Pursuant to the stipulation, when the eldest child reached her majority and was no longer eligible for child support, the child support guidelines would determine the amount of child support for the youngest child. However, when the eldest child attained her majority, Douglas merely cut his child support obligation by fifty percent.
The contempt order found Douglas' child support obligation to be $1,573 per month, based on the child support guidelines, and fixed his arrearage based on that amount. However, the contempt order on child support contains none of the required findings, including no calculations as to how the trial court arrived at this amount, and no fact findings as to the parties' respective incomes pursuant to section 61.30, the child support guidelines.
Under the guidelines, income must be computed considering various factors, including any spousal support received. § 61.30(2). Adjustments to income are also made for tax deductions, health insurance payments and spousal support payments paid by that party. § 61.30(3). The failure to make these findings was therefore error. Harbin v. Harbin, 762 So.2d 561 (Fla. 5th DCA 2000). See also Kranz v. Kranz, 737 So.2d 1198 (Fla. 5th DCA 1999); Calderon v. Calderon, 730 So.2d 400 (Fla. 5th DCA 1999). Without appropriate findings, meaningful appellate review is impossible. Harbin. We therefore *101 must reverse and remand to the trial court for findings.
REVERSED AND REMANDED.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] In Rykiel v. Rykiel, 795 So.2d 90 (Fla. 5th DCA 2000), we reversed a final judgment of dissolution, in part, because the trial court adopted verbatim a final judgment prepared by one party. That case is distinguishable from the facts of this case because in Rykiel there were numerous indicia of the judge's lack of participation and knowledge in the final judgment. We note, however, that the better practice is for a trial court to make fact findings and indications of its review of the judgment or order on its face.
[2] To modify an award of alimony or child support, the petitioner must show a substantial change in circumstances, not contemplated at the time of the divorce judgment, and that the change is sufficient, material, involuntary and permanent in nature. Harbin v. Harbin, 762 So.2d 561 (Fla. 5th DCA 2000).