804 So.2d 595 (2002)
Don MERKIN, Appellant,
v.
Carol MERKIN, Appellee.
No. 2D00-4914.
District Court of Appeal of Florida, Second District.
January 18, 2002.
*596 Eloise Taylor, Port Richey, for Appellant.
Thomas J. Zandecki, New Port Richey, for Appellee.
SALCINES, Judge.
Don Merkin appeals a final judgment dissolving his thirty-two-year marriage to Carol Merkin. He challenges several aspects of the final judgment including the requirement that he maintain certain life insurance policies, the award of permanent alimony in favor of the wife, the omission of termination language in the alimony order, the distribution of liabilities between *597 himself and the wife, and the trial court's express refusal to declare the parties' eldest adult son to be a dependent person. The husband also asserts that it was error for the trial court to delegate to the parties the responsibility for preparing proposed final judgments of dissolution. Based upon the evidence presented, the trial court did not abuse its discretion in distributing the liabilities and we affirm that point without comment. We otherwise affirm in part, reverse in part, and remand for further proceedings as more fully explained below.
The parties were married in July 1967 and their marriage was dissolved in October 1999. At the time of the dissolution, both parties were fifty-three years of age. They had two children both of whom had reached the age of majority by the time of the dissolution. The older of the two children, who was living with the father, had some medical problems and was receiving social security disability payments, but he had not previously been declared to be legally dependent and was attending college at the time of the final hearing. The husband was a medical doctor and the wife was a licensed practical nurse. The husband's income seemed to fluctuate, but evidence was presented which reflected that he grossed in excess of $11,000 per month. The wife, who had recently relocated to another state, was earning $8.00 per hour working out-of-field in a temporary position. She had grossed $914 in the month preceding the final hearing and was pursuing training to become a registered nurse.
During the pendency of the dissolution, the wife sought and was granted temporary support in the amount of $3500 per month. The husband failed to satisfy the temporary support obligation and was found to be in arrears prior to the final hearing.
At the final hearing, the husband sought to have the court determine the parties' eldest son to be a dependent person and requested child support from the wife. The trial court expressly declined to make such a finding and did not order child support. The wife sought permanent alimony which the trial court ordered in the amount of $4000 per month. The wife also requested that the husband be ordered to maintain life insurance policies with the parties' eldest child and herself as named beneficiaries. The trial court granted the wife's request.
The allotted time for the final hearing had elapsed before the attorneys had concluded, and they chose not to reset another hearing for closing arguments and the pronouncement of findings. Thus, the trial court did not orally pronounce findings of fact or announce its decision, and instead directed the attorneys to present proposed final judgments. The trial court explained that it would choose from the proposed final judgments or prepare one of its own. The attorneys each agreed, on behalf of their clients, that the procedure was acceptable. The trial court adopted a modified version of the proposed final judgment presented by the wife's counsel.
The husband asserts that the trial court erred in not finding the parties' eldest son to be a dependent person. However, the adult son was not a party to the action and the trial court did not err in refusing to make a declaration that the parties' son was dependent in the context of this dissolution of marriage proceeding. While we affirm the trial court on this point, we note that the judgment is not res judicata as to any right the son might have to independently seek such a determination.
The husband also contends that the trial court erred in ordering him to *598 maintain two term life insurance policies with the wife and the parties' eldest adult son as named beneficiaries. The trial court erred by ordering the husband to maintain a specific term life insurance policy with the eldest adult son named as a beneficiary. However, the trial court did not err in ordering life insurance as security because the husband's prior history of arrearage provided at least one circumstance which demonstrated that the wife's alimony needed to be secured by life insurance. See, e.g., Sobelman v. Sobelman, 541 So.2d 1153, 1155 (Fla.1989) (holding that life insurance could be ordered as part of the equitable distribution and support scheme to "either satisfy arrearages or to otherwise protect the receiving spouse in appropriate circumstances"). Unfortunately, the trial court did not explain the circumstance upon which it was ordering life insurance and, as in Kearley v. Kearley, 745 So.2d 987 (Fla. 2d DCA 1999), the trial court did not indicate how the insurance proceeds were to be distributed in the event of the husband's death. In the present case, this lack of certainty is particularly troublesome because the specific amount of coverage ordered bears no correlation to projected alimony amounts, and this appellate court cannot ascertain if the trial court ordered life insurance for purposes other than securing alimony payments due at the time of the husband's death. Thus, on remand, the trial court must determine the wife's interests to be secured by life insurance, reevaluate the amount of insurance coverage necessary to protect the wife's interests, provide terms of distribution, and omit the requirement that the eldest son be named as a beneficiary.
The husband additionally argues that the trial court erred in its award of alimony to his wife. The trial court did not abuse its discretion in granting permanent alimony in this long-term marriage or in determining the amount of that alimony. Based upon the evidence presented, the wife demonstrated need. Likewise, the husband, who admitted grossing between $11,467 and $12,234 per month at the time of the final hearing, had the ability to pay $4000 in monthly alimony. Nonetheless, although the trial court did not err in determining entitlement to permanent alimony in this thirty-two-year marriage, the order itself should be corrected, on remand, to provide the appropriate termination language. See Calderon v. Calderon, 730 So.2d 400 (Fla. 5th DCA 1999). Further, on remand the trial court has the authority to reconsider the amount of alimony awarded in light of this court's ruling in regard to the husband's responsibility to maintain life insurance. See Sobelman, 541 So.2d at 1154 n. 2.
Finally, the husband argues that the trial court improperly delegated the task of fact finding to the attorneys of record. The husband claims that this matter should be reversed due to the very procedure to which his attorney agreed. It is not uncommon for a trial court to instruct the attorneys to prepare proposed final judgments. Thomas v. Thomas, 781 So.2d 540 (Fla. 5th DCA 2001). On the other hand, the Fifth District has recognized that the trial court should not "adopt the judgment verbatim, blindly, or without making in-court findings." Rykiel v. Rykiel, 795 So.2d 90 (Fla. 5th DCA 2000), review granted, 796 So.2d 537 (Fla.2001).
In the present case, the trial court explained that it would review each proposed final judgment and would either accept one, modify one, or prepare its own final judgment. In fact, the trial court did modify the wife's proposed final judgment. The parties chose to forego a further hearing which would have allowed the trial court to orally pronounce its factual finding. *599 Nonetheless, the final judgment contained several of the statutory findings set forth in section 61.08, Florida Statutes (1999), and those findings were supported by substantial competent evidence. Accordingly, we affirm the trial court on this issue.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
PARKER and ALTENBERND, JJ., Concur.