WELLS, Judge.
Jessica Rogers, appeals portions of a final judgment establishing paternity, awarding custody, visitation and support, and adjudicating the parties’ interests in certain assets. We find no error in the trial court’s rulings with the exception of its failure to address Rogers’ request for attorney’s fees and remand for a ruling on that request. See, e.g., Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976)(observing “[i]t is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence,” but rather the test is “whether the judgment of the trial court is supported by competent evidence”); Harbin v. Harbin, 762 So.2d 561, 563 (Fla. 5th DCA 2000) (finding reversible error where the trial court failed either to rule on a fee request or to reserve jurisdiction to do so); see also § 61.30(17)(b), Fla. Stat. (2003) (observing that in determining a retroactive award the court shall consider “[a]ll actual payments made by the noncustodial parent to the custodial parent or the child or third parties for the benefit of the child throughout the proposed retroactive period”); § 742.031, Fla. Stat. (2003)(providing that in a paternity action, “[i]f appropriate, the court shall order the father to pay ... moneys sufficient to pay reasonable attorney’s fees”); § 742.045, Fla. Stat. (2003) (“[t]he court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter”). The order under review is affirmed in all other respects.
Affirmed in part and remanded.