# Third District Court of Appeal

## State of Florida

Opinion filed October 10, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2666
Lower Tribunal No. 17-8546
_____


**Brickell Motors, LLC,**
Appellant,

vs.

**Yunior Uraldes Torres,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Law Offices of Charles M-P George, and Charles M-P George; Boyd, Richards, Parker & Colonnelli, P.L., and Peter R. Restani, for appellant.

Goldberg & Rosen, P.A., and Judd G. Rosen, Brett M. Rosen, and Khristopher R. Salado, for appellee.

Before EMAS, FERNANDEZ, and LOGUE, JJ.

LOGUE, J.

Appellant Brickell Motors, LLC, seeks review of the trial court's denial of its Motion to Compel Arbitration. For the reasons below, we reverse.

<u>Background</u>

Yunior Torres purchased a car from Brickell Motors. The purchase agreement contained an arbitration provision, which provided in pertinent part:

> Any claim or disputed, whether in contract, tort, statute, or otherwise (including the interpretation and scope of the Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this Order and Agreement or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Order and Agreement) shall, at your election, be resolved by neutral, binding arbitration and not by a court action.

Several hours after Torres purchased the vehicle, he was involved in a car accident. On April 10, 2017, Torres filed suit against Brickell Motors alleging the accident was caused by defects in the vehicle.

Brickell Motors moved to compel arbitration on July 18, 2017, prior to submitting any other filing. Subsequently, on July 27, 2017, Brickell Motors moved for a 20-day extension of time to respond to the complaint. In October 2017, Brickell Motors noticed its Motion for Extension of Time to be heard on November 8, 2017.

At the hearing, Brickell Motors argued, among other things, that it could not answer the complaint in light of the pending Motion to Compel Arbitration. Neither party noticed the Motion to Compel Arbitration for hearing. Torres had filed no written opposition to Brickell's Motion to Compel Arbitration and, at the hearing, made no argument why the motion should be denied. Nevertheless, the trial court sua sponte denied the Motion to Compel Arbitration and ordered Brickell Motors to answer the complaint. Brickell Motors timely appealed.

Analysis

"This Court reviews an order granting or denying a motion to compel arbitration de novo." Duty Free World, Inc. v. Miami Perfume Junction, Inc., --- So. 3d ----, 2018 WL 3747725 at *2 (Fla. 3d DCA Aug. 8, 2018) (citing Mukamal v. Marcum, LLP, 223 So. 3d 422, 425 n.3 (Fla. 3d DCA 2017)).

Section 682.03(1)(a), Florida Statutes, mandates that "[o]n motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement[,] [i]f the refusing party does not appear or does not oppose the motion, the court shall order the parties to arbitrate."

Under the circumstances of this case, it was error to consider and deny Brickell Motors' Motion to Compel Arbitration. The motion was not noticed for hearing. "This was error because the granting of relief, which is not sought by the notice of hearing or which expands the scope of a hearing and decides matters not

3

noticed for hearing, violates due process." <u>Connell v. Capital City Partners, LLC</u>, 932 So. 2d 442, 444 (Fla. 3d DCA 2006) (citing <u>Khan v. Dep't of Revenue</u>, 901 So. 2d 992, 992 (Fla. 4th DCA 2005)). Moreover, Torres had filed no objection or memorandum of law in opposition to the motion and therefore the motion was not briefed; Torres did not argue for denial at the hearing; the transcript of the hearing indicates that the trial court provided no verbal explanation for its decision; and the order itself provides no rationale. Indeed, on appeal, Torres provides no argument why the motion should have been denied. Because the basis for the denial is unclear, effective and meaningful appellate review is impossible. <u>Douglas v. Douglas</u>, 795 So. 2d 99, 100 (Fla. 5th DCA 2001) (citing <u>Harbin v. Harbin</u>, 762 So. 2d 561 (Fla. 5th DCA 2000)).

Accordingly, we reverse the order denying the motion to compel and remand without prejudice to the trial court deciding the Motion to Compel Arbitration when it is either properly noticed or briefed, consistent with the requirements of section 682.03.

Reversed and remanded.